| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

FLOORING SYSTEMS, INC., §
　§
　　　　Appellant, §
　§
versus § CIVIL ACTION NO. 4:12-CV-475
　§
MICHELLE H. CHOW, Trustee, §
　§
　　　　Appellee. §

**MEMORANDUM AND ORDER**

Pending before the court is Flooring Systems, Inc.'s ("Flooring Systems" or "Appellant") appeal from the Judgment of the United States Bankruptcy Court, entered June 4, 2012, in which final judgment was granted in favor of the bankruptcy trustee, Appellee Michelle H. Chow ("the Trustee"), in the above-styled adversary proceeding as to her claims brought pursuant to 11 U.S.C. §§ 544, 547, and 550. Having reviewed the judgment, the record, the submissions of the parties, and the applicable law, the court is of the opinion that the bankruptcy court's decision should be affirmed.

I.　Background

The following facts are undisputed. On June 20, 2007, Flooring Systems obtained a judgment against Richard Poston ("the Debtor" or "Poston") and others in the 380th Judicial District Court of Collin County, Texas. Flooring Systems filed an Application for a Turnover Order and for Appointment of a Receiver on August 24, 2007, in that court pursuant to the "Texas Turnover Statute," TEX. CIV. PRAC. & REM. CODE § 31.002. After holding a hearing on Flooring System's motion, the state court appointed Michael Bernstein ("Bernstein" or "the Receiver") to

serve as receiver for the purpose of taking possession of and selling Poston's leviable assets. The order appointing Bernstein was signed on October 26, 2007.

On November 20, 2007, Flooring Systems gave notice of the turnover order to Plains Capital Bank ("Plains Capital"). Additional monies were allegedly later deposited into Poston's account. On December 18, 2007, the bank issued a check payable to Bernstein in the amount of $22,923.05, representing that the funds came from an account owned by Poston. With the state court's approval, on January 15, 2008, Bernstein paid Flooring Systems $18,529.64.

Poston filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 31, 2008.[1] On November 17, 2008, the bankruptcy court entered an agreed order converting the Debtor's case to a Chapter 7 liquidation. The Trustee was later appointed, and on January 29, 2010, she filed her Complaint to Avoid Preferential and Fraudulent Transfers to initiate the adversary proceeding against Flooring Systems, seeking to recover the $18,529.64 disbursed by the Receiver.

On February 9, 2012, the parties filed cross-motions for summary judgment on the issue of whether the $18,529.64 transfer was avoidable as a preference under 11 U.S.C. § 547. On May 24, 2012, the court denied Flooring System's motion for summary judgment and granted the Trustee's motion, thereby avoiding the transfer to Flooring Systems. Final judgment was entered on June 4, 2012.

Flooring Systems filed the instant appeal on July 30, 2012, asserting that the bankruptcy court erred by granting the Trustee's motion for summary judgment and denying Flooring

---

[1] Because Poston's bankruptcy petition was filed on January 31, 2008, the 90-day preference period set forth in 11 U.S.C. § 547 commenced on November 2, 2007.

Systems' motion for summary judgment. Flooring Systems argues that the state court's October 26, 2007, order appointing Bernstein as Receiver operated to place the funds at issue *in custodia legis*, thereby stripping the Debtor of his interest in the bank account. Consequently, according to Flooring Systems, the state court's order appointing the Receiver constitutes a "transfer" for purposes of the Bankruptcy Code, and because this order was signed outside the 90-day preference period set forth in 11 U.S.C. § 547, it was not a preferential transfer subject to recovery by the Trustee.[2]

The Trustee counters that TEX. CIV. PRAC. & REM. CODE § 31.002(g) specifically provides that the rights of a receiver do not attach with respect to the turnover of property held by a financial institution until it receives service of a certified copy of the order of receivership. According to the Trustee, therefore, because Plains Capital received such notice on November 20, 2007—within the preference period—she is entitled to recover the funds paid to Flooring Systems.

II.     Analysis

   A.     Jurisdiction

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" and, with leave of the court, "other interlocutory orders and decrees" of bankruptcy judges. 28 U.S.C. § 158(a). Pursuant to 28 U.S.C. § 158(c)(2), an appeal from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ." *Id*. Therefore, "when

---

[2] In its reply brief, Flooring Systems alternatively argues that the bankruptcy court's judgment violates the Full Faith and Credit Clause of the United States Constitution. Arguments raised for the first time in a reply brief, however, are waived. *See Cavazos v. JP Morgan Chase Bank Nat'l Ass'n*, 388 F. App'x 398, 399 (5th Cir. 2010); *Anderson v. Commerce Const. Servs., Inc.*, 531 F.3d 1190, 1198 (10th Cir. 2008).

3

reviewing a bankruptcy court's decision in a 'core proceeding,' a district court functions as a[n] appellate court." *Webb v. Reserve Life Ins. Co. (In re Webb)*, 954 F.2d 1102, 1103-04 (5th Cir. 1992); *accord Perry v. Dearing (In re Perry)*, 345 F.3d 303, 308-09 (5th Cir. 2003); *In re S. White Transp., Inc.*, 473 B.R. 695, 698 (S.D. Miss. 2012), *aff'd*, ___ F.3d ___, 2013 WL 3983343 (5th Cir. Aug. 5, 2013). In reviewing a decision of the bankruptcy court, Rule 8013 of the Federal Rules of Bankruptcy Procedure requires the court to accept the bankruptcy court's findings of fact unless clearly erroneous and to examine *de novo* the conclusions of law. *See In re Halo Wireless, Inc.*, 684 F.3d 581, 586 (5th Cir. 2012); *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008); *Texas v. Soileau (In re Soileau)*, 488 F.3d 302, 305 (5th Cir. 2007), *cert. denied*, 552 U.S. 1180 (2008). A finding of fact is clearly erroneous when although there is evidence to support it, the reviewing court is left with a firm and definite conviction that a mistake has been committed. *See Bertucci Contracting Corp. v. M/V ANTWERPEN*, 465 F.3d 254, 258-59 (5th Cir. 2006); *see In re Perry*, 345 F.3d at 309 (quoting *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003)).

  B. <u>Standard of Review</u>

"The standard of review for the granting of summary judgment and the denial of a cross-motion for summary judgment is *de novo*." *St. Paul Fire & Marine Ins. Co. v. Whitaker Constr., Inc.*, Nos. CIVA 06-1595, 02BK12642, ADVNO 03AP1113, 2007 WL 196903, at *2 (W.D. La. Jan. 23, 2007), *aff'd*, 288 F. App'x 153 (5th Cir. 2008); *see CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 272 (5th Cir. 2009) ("We review a district court's grant or denial of

summary judgment *de novo*, applying the same standard as the district court.").[3] As such, the reviewing court considers "each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001); *see CareFlite v. Office & Prof'l Emps. Int'l Union, AFL-CIO*, 612 F.3d 314, 318 (5th Cir. 2010); *White Buffalo Ventures, LLC v. Univ. of Tex. at Austin*, 420 F.3d 366, 370 (5th Cir. 2005).

Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 of the Federal Rules of Civil Procedure, which provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). In cases, where, as here, the parties have submitted stipulated facts and the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *See Walsh v. United States*, 31 F.3d 696, 699 (8th Cir.

---

[3] Although the "denial of a motion for summary judgment is usually treated as a nonappealable interlocutory order, when an appeal from a denial of summary judgment is presented in tandem with a grant of summary judgment, this court has jurisdiction to review the propriety of the . . . denial of summary judgment." *Le-Ax Water Dist. v. City of Athens*, 346 F.3d 701, 704 (6th Cir. 2003) (internal quotations omitted); *accord Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 320 (2d Cir. 2013); *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995).

1994); *Roberts v. Haragan*, No. 5:03-CV-140, 2004 WL 530373, at *2 (N.D. Tex. Mar. 17, 2004).

    C.    <u>11 U.S.C. § 547</u>

"'Section 547(b) . . . allows a trustee to recover as a preferential payment certain transfers made by a debtor to a creditor within the ninety-day period prior to bankruptcy.'" *Unsecured Creditors Comm. v. Cmty. Bank (In re Stinson Petroleum Co., Inc.)*, 506 F. App'x 305, 309 (5th Cir. 2013) (quoting *Braniff Airways, Inc. v. Exxon Co., U.S.A.*, 814 F.2d 1030, 1033 (5th Cir. 1987)).  Section 547 states:[4]

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property
> (1)    to or for the benefit of a creditor;
> (2)    for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3)    made while the debtor was insolvent;
> (4)    made
>     (A)    on or within 90 days before the date of the filing of the petition; or
>     (B)    between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5)    that enables such creditor to receive more than such creditor would receive if
>     (A)    the case were a case under chapter 7 of this title;
>     (B)    the transfer had not been made; and
>     (C)    such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).  The purpose of this statute is twofold: "(1) it permits a trustee to avoid pre-bankruptcy transfers occurring on the eve of bankruptcy so as to discourage creditors 'from racing to the courthouse to dismember the debtor during his slide into bankruptcy'; and (2) it

---

[4] The sole element of a preferential transfer challenged on appeal is whether the transfer took place on or within 90 days before bankruptcy.

6

ensures fair distribution among the creditors." *In re Stinson Petroleum Co., Inc.*, 506 F. App'x at 309 (quoting *Union Bank v. Wolas*, 502 U.S. 151, 161 (1991)).

"The term 'transfer' means . . . (A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with . . . (i) property; or (ii) an interest in property." 11 U.S.C. § 101(54). "'What constitutes a transfer and when it is complete' is a matter of federal law." *Laughlin v. Nouveau Body & Tan, L.L.C. (In re Laughlin)*, 602 F.3d 417, 421 (5th Cir. 2010) (quoting *Barnhill v. Johnson*, 503 U.S. 393, 397-98 (1992)). "In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law." *Barnhill*, 503 U.S. at 398; *In re Laughlin*, 602 F.3d at 422.

As set forth above, Flooring Systems obtained a turnover order appointing Bernstein pursuant to TEX. CIV. PRAC. & REM. CODE § 31.002 on November 20, 2007, outside the preference period. Flooring Systems contends that this order placed the Debtor's account with Plains Capital *in custodia legis*, which, according to Flooring Systems, constitutes the relevant transfer in this case.[5] The court disagrees.

The Texas turnover statute entitles a judgment creditor to receive aid from a state court to obtain satisfaction on a judgment "if the judgment debtor owns property that . . . (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE

---

[5] Flooring Systems cites to cases in which Texas courts appointed receivers under the general Texas receivership statutes. *See, e.g.*, *Huffmeyer v. Mann*, 49 S.W.3d 554, 557 (Tex. App.—Corpus Christi 2001, no pet.) (receiver appointed to take possession of corporate property pending the entry of a final judgment by the trial court). These cases are distinguishable, however, as they do not involve the appointment of a receiver pursuant to TEX. CIV. PRAC. & REM. CODE § 31.002.

7

§ 31.002(a). The statute also empowers a court to "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE § 31.002(b)(3). The receivership proceeding is similar to the remedy of attachment. *See Childre v. Great Sw. Life Ins. Co.*, 700 S.W.2d 284, 287 (Tex. App.—Dallas 1985, no writ); *see also* 15 TEX. PRAC. SERIES, TEX. FORECLOSURE LAW & PRAC. § 12.26. Further, "[w]ith respect to turnover of property held by a financial institution in the name of or on behalf of the judgment debtor as customer of the financial institution, the rights of a receiver appointed under Subsection (b)(3) do not *attach* until the financial institution receives service of a certified copy of the order of receivership in the manner specified by Section 59.008, Finance Code." TEX. CIV. PRAC. & REM. CODE § 31.002(g) (emphasis added).

Thus, § 31.002(b)(3) expressly requires that notice of the receivership order be provided to the financial institution before the rights of the receiver attach. Until Plains Capital received notice of the state court's order on November 20, 2007, Bernstein had no rights under the Texas Civil Practice and Remedies Code. The fixing or perfection of lien is a "transfer" within the meaning of § 547. *Criswell v. Hensley (In re Criswell)*, 102 F.3d 1411, 1415 (5th Cir. 1997) ("[T]he fixing of a non-statutory, judicial lien—such as the one created by [the] . . . filing of [an] abstract of judgment—is avoidable as a preferential 'transfer.'"); *Latham v. Mbank Waco, N.A. (In re Latham)*, 823 F.2d 108, 110-11 (5th Cir. 1987) (holding that under Texas law, garnishment lien attached from the date of service of summons); *Schott v. First Pay Credit, Inc.*, No. 13-257, 2013 WL 4069531, at *2 (M.D. La. Aug. 12, 2013). Accordingly, the court finds no error in the bankruptcy court's conclusion that a "transfer" took place when Bernstein's rights under § 31.002

attached. *See T.B. Westex Foods, Inc. v. FDIC*, 950 F.2d 1187, 1191-92 (5th Cir. 1992) (holding that a transfer was perfected, for preference purposes, only after garnishor obtained a judgment and served a writ of garnishment on garnishee's bank accounts); *cf. United States v. Holy Land Found. For Relief & Dev.*, 493 F.3d 469, 469 (5th Cir. 2007) (indicating that "perfection" of writs of execution as to certain bank accounts was necessary to transfer possession or control to district courts).

Flooring System's argument that the turnover order placed the account *in custodia legis* does not alter this result. *In custodia legis* means "'[i]n the custody or keeping of the law.'" *Holy Land Found. For Relief & Dev.*, 493 F.3d at 476 n.9 (quoting Black's Law Dictionary 768 (6th ed. 1990)); *see also Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 301 (5th Cir. 2005) (explaining that *in custodia legis* means "literally, 'in the custody of the law'; loosely, 'in the care of the court'"). "The doctrine was not formulated to protect any party claiming entitlement to the funds." *Daniels v. Pecan Valley Ranch, Inc.*, 831 S.W.2d 372, 383 (Tex. App.—San Antonio 1992, writ denied). Instead, it "is enforced by the courts to preserve the jurisdiction of the court administering the property in issue." *Id.* "Its purpose is to prevent conflicts of jurisdiction from one court to another and to insure orderly judicial procedure in the administration of funds." *Id.* As pointed out by the Trustee, there is no conflict of jurisdiction between one court and another in this case. Further, the turnover order, while the genesis of the eventual transfer, did not transfer anything; rather, it merely provided the Receiver with the authority to take possession of the Debtor's leviable assets. That authority was conditioned on the financial institution receiving service of a certified copy of the order of receivership in the manner specified by TEX. FIN. CODE § 59.008. Thus, issuance of the turnover order was not a "transfer" for preference purposes.

9

Accordingly, the doctrine of *in custodia legis* does not alter the court's finding that the transfer of the $18,529.64 took place when the Receiver's right to the funds attached on November 20, 2007.

III. Conclusion

Consistent with the foregoing analysis, the judgment of the bankruptcy court is AFFIRMED, and the Clerk of Court is directed to close this case.

SIGNED at Beaumont, Texas, this 29th day of August, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE